IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDUSKY WELLNESS CENTER, LLC, an Ohio limited liability company, individually and as the representative of a class of similarly-situated persons, | )<br>)<br>)<br>)<br>) No.<br>) |
| Plaintiff, | ) Judge<br>) |
| v. | ) Magistrate Judge_____<br>) |
| VAXMAX, INC. and JOHN DOES 1-10, | )<br>) |
| Defendants. | ) |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Vaxmax, Inc., by and through its attorneys, David J. Tecson and Alan B. Ronson of Chuhak & Tecson, P.C., files Defendant's Notice of Removal pursuant to 28 U.S.C. §§1331, 1441 and 1446, and hereby remove an action pending in the Circuit Court for the 19th Judicial Circuit, Lake County, Illinois, and in support hereof, states as follows:

1.  On June 8, 2012, Plaintiff filed a class action Complaint in the 19th Judicial Circuit, Lake County, Illinois seeking an injunction and damages under the Federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, as well as asserting related claims for conversion and violation of the Illinois Consumer Fraud Act, arising out of alleged unauthorized faxes sent by the Defendant to the Plaintiff and approximately 40 alleged class members. A copy of the Complaint is attached as Exhibit "A". Plaintiff ineffectively attempted service of process on Defendant Vaxmax, Inc. ("Vaxmax") on or about June 15, 2012. This Notice of Removal has been timely filed by Vaxmax.

2.  Section 227(b)(3) establishes a private right of action for violations of the TCPA. While §227(b)(3) states that a person or entity may bring the action in an appropriate court in their State, it does not state that State court jurisdiction is exclusive. In fact, the 7th Circuit has

held that an action pursuant to §227(b)(3) may be brought in either State or Federal Court. See *Brill v. Countrywide Home Loans*, 427 F.3d 446, 447-448, wherein the 7th Circuit expressly held that Federal Courts have original jurisdiction over TCPA claims. Since Plaintiff's claims arise under the TCPA, this Court has Federal question jurisdiction over this case.

3. Defendant has complied with all of the procedural requirements for removal set forth in 28 U.S.C. §1446. Concurrently with the filing of this Notice of Removal, Defendant is providing Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois.

4. All of the Defendants have consented to the removal of this case.

WHEREFORE, Defendant, Vaxmax, Inc., respectfully removes the State Court action, Case No. 12 CH 2855, from the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, pursuant to 28 U.S.C. §§1331, 1441 and 1446, to the United States District Court for the Northern District of Illinois.

> Respectfully submitted,
>
> VAXMAX, INC.
>
> By: /s/Alan B. Ronson
>       One of its Attorneys

David J. Tecson (6198108)
Alan B. Ronson (6225955)
CHUHAK & TECSON, P.C.
30 S. Wacker Drive
Suite 2600
Chicago, IL 60606
(312) 444-9300

1819820.1.99999.99999

## CERTIFICATE OF SERVICE

**TO:** Brian J. Wanca
Anderson & Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

    The undersigned, being first duly sworn on oath, certifies that a true and correct copy of **Defendant's Notice of Removal** was served upon counsel-of-record as indicated above by depositing same, proper postage prepaid, in the U.S. mailbox located at 30 South Wacker Drive, Chicago, Illinois 60606 at or about 5:00 p.m. this 16th day of July, 2012.

                                                /s/ Alan B. Ronson

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL DISTRICT
LAKE COUNTY, ILLINOIS

FILED
JUN 08 2012

SANDUSKY WELLNESS CENTER, LLC., an Ohio )
limited liability company, individually and as the )
representative of a class of similarly-situated persons, )
)
Plaintiff, )
) Case No.: **12 CH 2855**
v. )
)
VAXMAX INC. and JOHN DOES 1-10, )
)
Defendants. )

## CLASS ACTION COMPLAINT

Plaintiff, SANDUSKY WELLNESS CENTER, LLC ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, VAXMAX INC. and JOHN DOES 1-10 (collectively "Defendants"):

## PRELIMINARY STATEMENT

1. This case challenges Defendants' practice of sending unsolicited facsimiles.

2. The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for

EXHIBIT "A"

authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion and the consumer protection statutes forbidding and compensating unfair business practices.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendants have transacted business and committed tortious acts related to the matters complained of herein.

7. Venue is proper in Lake County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortuous acts complained of occurred in Lake County.

8. Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9. Plaintiff is an Ohio limited liability company.

10. On information and belief, Defendant, VAXMAX INC., is an Illinois corporation with its principal place of business in Wauconda, Lake County, Illinois.

11. John Does 1-10 will be identified through discovery, but are not presently known.

## FACTS

12. On or about February 5, 2010 and March 16, 2010, Defendants sent two unsolicited facsimiles to Plaintiff. Copies of the two facsimiles are attached hereto as Exhibit A.

13. Defendants created or made Exhibit A which is a good or product which Defendants distributed to Plaintiff and the other members of the class.

14. Exhibit A is a part of Defendants' work or operations to market Defendants' goods or services which was performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

15. Plaintiff had not invited or given permission to Defendants to send the facsimile.

16. On information and belief, Defendants sent the same and similar facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

17. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

18. Defendants' advertisements did not display a proper opt out notice as required by 64 C.F.R. 1200.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

19. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

20. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four (4) years prior to the filing of this complaint, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with

whom Defendants did not have an established business relationship, and (5) which did not display a proper opt out notice.

21. A class action is warranted because:

(a) On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

    (i) Whether Defendants sent unsolicited fax advertisements;

    (ii) Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

    (iii) The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

    (iv) Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

    (v) Whether Defendants violated the provisions of 47 USC § 227;

    (vi) Whether Plaintiff and the other class members are entitled to statutory damages;

    (vii) Whether Defendants should be enjoined from faxing advertisements in the future;

    (viii) Whether the Court should award trebled damages; and

    (ix) Whether Exhibit A and Defendants' other advertisements displayed a proper opt out notice as required by 64 C.F.R. 1200.

22. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

23. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

24. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

25. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

26. The TCPA provides:

> 3. Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

27. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

28. Defendants violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission and by not displaying a proper opt out notice as required by 64 C.F.R. 1200.

29. The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

30. Defendants knew or should have known that: Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants" goods or services, that Plaintiff and the other class members did not have an established business relationship with Defendants, that Exhibit A and the other advertisements Defendants sent were advertisements, and that Exhibit A and the other advertisements Defendants sent did not display the proper opt out notice as required by 64 C.F.R. 1200.

31. Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and other class members from the sending of Exhibit A occurred outside Defendants' premises.

32. Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, SANDUSKY WELLNESS CENTER, LLC, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, A-S MEDICATION SOLUTIONS LLC, JAMES BARTA, WALTER HOFF and JOHN DOES 1-10, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award $500.00 in damages for each violation of the TCPA;

C. That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D. That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

33. Plaintiff incorporates paragraphs 1, 3, and 6 through 17 as though fully set forth herein.

34. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who on or after five (5) years prior to the filing of this complaint were sent telephone facsimile messages by or on behalf of Defendants.

35. A class action is proper in that:

   (a) On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

   (b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

      (i) Whether Defendants engaged in a pattern of sending unsolicited faxes;

      (ii) The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes; and

      (iii) Whether Defendants committed the tort of conversion.

36. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

37. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

38. By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

39. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

40. By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

41. Defendants knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

42. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited faxes from Defendants.

43. Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

44. Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machines for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, SANDUSKY WELLNESS CENTER, LLC, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, VAXMAX INC. and JOHN DOES 1-10, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B. That the Court award appropriate damages;

C. That the Court award costs of suit; and

D. Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505/2

45. Plaintiff incorporates paragraphs 1, 3, and 6 through 17 as though fully set forth herein.

46. In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendants unfair practice of sending unsolicited and unlawful faxes:

> All persons who on or after three (3) years prior to the date of filing of this complaint, were sent telephone facsimile messages by or on behalf of Defendants.

47. A class action is proper in that:

(a) On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i) Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

(ii) The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes;

(iii) Whether Defendants' practice of sending unsolicited faxes violates Illinois public policy;

(iv) Whether Defendants' practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act;

(v) Whether Defendants should be enjoined from sending unsolicited faxes in the future.

48. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

49. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

50. Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' faxing campaign.

51. Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

52. Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

53. Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, SANDUSKY WELLNESS CENTER, LLC, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, VAXMAX INC. and JOHN DOES 1-10, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award damages to Plaintiff and the other class members;

C. That the Court award attorney fees and costs;

D. That the Court enter an injunction prohibiting Defendants Memmos and Maroulis from sending unsolicited faxes to Illinois consumers; and

E.   Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

SANDUSKY WELLNESS CENTER, LLC, individually and as the representative of a class of similarly-situated persons

By: *[signature]*

One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
ARDC #3126474




# Pre-book Your 2010-2011 Flu Vaccine With US
# Remember Last Year's Shortage

Please complete and sign order form and fax back or email to us at your convenience. *This offer expires 2-14-2010*

**For orders greater than 1000 doses contact sales office**

**No obligation to purchase. No contract needed**
**Why sign contract with any company?**
**Try us this year and see the difference**

I am Pre-Booking

____ Vials of Ten-dose vial of "FLULAVAL" Made by Glaxo for $ 94.90 per vial   (FOR 18 YEARS AND OLDER)

____ Vials of Ten-dose vial of "FLUVIRIN" Made by Novartis for $ 114.90 per vial   (FOR 4 YEARS AND OLDER)

____ Vials of Ten-dose vial of "FLUZONE" Made by Sanofi for $ 114.90 per vial   (FOR 6 MONTHS OR OLDER)

____ Doses of Preservative Free single-dose syringe (or vial) of PEDIATRIC FLUZONE for 13.99 per dose (Box of 10)

____ Doses of Preservative Free single-dose syringe of ADULT FLUZONE for $13.99 per dose (Box of 10)

____ Doses of _____ "FLUMIST" Made by Medimmune for $ 19.90 per dose (Box of 10 Nasal Spray)

Print first and last name of doctor or pharmacist who is pre-booking_____

Office Tel:_____ Inside line #_____ Office Fax #_____

Office Email Address_____ (capital letters and legibly please) Name of the Email Contact_____

"Signature" of purchasing health care professional (doctor/ pharmacist/ nurse practitioner)_____

Date_____ Easy Access Tel. (cell or inside line)_____

Please fax the completed order and your business fax cover sheet to.

Orders must have a fax date and time prior to 5 PM CST 2-14-2010
Thank you if you have already booked with us. We will contact you by email or fax

## Toll Free Fax: 888-488-6828

| California | Colorado | Florida | Illinois | Massachusetts | New York | Tennessee | Texas | Washington |
|---|---|---|---|---|---|---|---|---|
| 619-548-9000 | 719-502-7200 | 786-376-7000 | 847-842-9000 | 857-472-4000 | 646-884-4500 | 901-848-7000 | 972-872-2500 | 206-883-6000 |

Toll Free Fax: 888 - 488 - 6828       Authorized Distributor       Web: www.vacsmax.com
Email : Info@flushotcenter.com

To opt out from future fax, please call us or fax a note to remove your data to 888-488-6828 with your fax number written legibly on it. The recipient may make a request to the sender not to send any future faxes and that failure to comply with the request within 30 days is unlawful. MW

 # Notice to our Customers 

Dear Customer

We value your business and want you to receive the lowest pricing on seasonal flu vaccine for the upcoming season.

Reliable delivery and fair pricing is our commitment to you. Pre-book now and lock in your early discount pricing without contractual obligations. No signed agreement and no risk to you at all. You will not lose anything with double booking. In fact considering last season shortage you ought to. Be prepared and don't pay higher prices later. Buy from the vender who delivers faster and charges less. You can cancel or modify your order with us at any time prior to shipping. _This offer expires 3-31-2010_

I am Pre-Booking

____ Vials of Ten-dose vial of "Adult Influenza Vaccine for $ 101.90 per vial (FOR 18 YEARS AND OLDER-TAXES INCLUDED)

Print first and last name of doctor or pharmacist who is pre-booking_____

Office Tel: _____ Inside line # _____ Office Fax # _____

Office Email Address_____ (capital letters and legibly please) Name of the Email Contact_____

"Signature" of purchasing health care professional (doctor/ pharmacist/ nurse practitioner) _____

Date_____ Easy Access Tel. (cell or inside line)_____

Please fax the completed order and your business fax cover sheet to,

Please do not fax back the same previous order if you have already pre-booked
Only fax any additional order you may have since last pre-book. Thank you.

Orders must have a fax date and time prior to 5 PM CST 3-31-2010
Thank you if you have already booked with us. We will contact you by email or fax

**Toll Free Fax: 888-488-6828**

For orders greater than 1000 doses or lower pricing with a signed contract sales office

| California | Colorado | Florida | Illinois | Massachusetts | New York | Tennessee | Texas | Washington |
|---|---|---|---|---|---|---|---|---|
| 619-548-9000 | 719-309-7800 | 786-376-7000 | 847-642-9000 | 857-472-4000 | 646-884-4500 | 901-848-7000 | 972-672-2500 | 206-823-6000 |

Toll free Fax: 888 - 488 - 6828    Authorized Distributor    Web: www.vacamax.com
Email: Info@flushotcenter.com

To opt out from future fax, please call us or fax a note to remove your data to 888-488-6828 with your fax number written legibly on it. The recipient may make a request to the sender not to send any future faxes and that failure to comply with the request within 30 days is unlawful. MW